**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**DON KING PRODUCTIONS, INC.,**
   **Plaintiff**

   v.

**EL BODEGON, et al.,**
   **Defendants**

**Civil No. 04-1861 (SEC)**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR
ENTRY OF DEFAULT JUDGMENT**

## I.   Procedural Background

On May 6, 2005, the Court referred this case for all further proceedings. *See ****Docket No. 51***. Currently pending before the Court are two motions: Motion for Entry of Default Judgment as to defendants Jarana's Cafe & Bar, Francisco Román-Medina, individually and the Conjugal Partnership of Francisco Román-Medina and Fulana de Tal; El Bambú Pub, Yamill Jiménez-Torres, individually and the Conjugal Partnership of Yamill Jiménez-Torrez and Jane Doe; El Bodegón, Daniel Rivera, individually and the Conjugal Partnership of Daniel Rivera and Fulana de Tal;  Salón Billar Benny, Luis Rodríguez-Figueroa, individually and the Conjugal Partnership of Rodríguez-Figueroa and Fulana de Tal; El Bambú Pop, Sandro Díaz, individually and the Conjugal Partnership of Sandro Díaz and Fulana de Tal (**Docket No. 35**); and Second Motion for Default Judgment as to defendants La Barrita de Don Billy, Juan R. Ramos-Ferrer, individually and the Conjugal Partnership of Juan R. Ramos-Ferrer and Mary Doe (**Docket No. 45**).

The record reflects that subsequent to the filing of these motions by plaintiff, the Clerk of Court docketed Entries of Default on December 16, 2004, as to the Conjugal Partnership of Sandro Díaz (in his individual character),  Juan R. Ramos-Ferrer, Jarana's Cafe & Bar, Francisco Román-Medina, the Conjugal Partnership of Román-Medina, El

Civil No. 04-1861(SEC)                                                                                           Page 2

---

Bambú Pub, Yamill Jiménez-Torres, the Conjugal Partnership of Jiménez-Torres, El Bodegón, Daniel Rivera, and the Conjugal Partnership of Rivera (**Docket No. 32**). On January 27, 2005, default was entered against the Conjugal Partnership of Luis Rodríguez-Figueroa, Luis Rodríguez-Figueroa, El Bambú Pop, and Salón Billar Benny (**Docketed as Clerk's Entry of Default**, January 27, 2005). On April 29, 2005, similarly, default was entered as to the Conjugal Partnership of Juan R. Ramos-Ferrer, Juan R. Ramos-Ferrer, individually, and La Barrita de Don Billy (**Docket No. 44**).

Don King Productions, Inc.(hereinafter "Don King") requests that judgment be entered and that each defendant pay the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and that said amount be increased pursuant to § 605(e)(3)(C)(ii) to $50,000 or in an amount in the Court's discretion; for willful and commercial advantage or private gain. Plaintiffs also seeks attorney's fees and costs.

The undersigned issues a Report and Recommendation inasmuch as no party has consented to the jurisdiction of a Magistrate-Judge pursuant to 28 U.S.C. § 636. While consent to a Magistrate-Judge's designation can be inferred from a party's conduct during litigation, there can be no inference of conduct when a party that has been served, has not appeared and is in default. *See Roell v. Withrow*, 538 U.S. 580 (2003); *see also Henry v. Tri-Services, Inc*, .33 F.3d 931 (8th Cir. 1994) (magistrate judge who entered a default judgment, lacked authority to enter final judgment where record contained no clear statement that party, who had not yet entered appearance in action when other parties agreed to have final judgment determined by Magistrate-Judge, ratified such agreement).

## I.    Factual Background

The Complaint alleges violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 (**Docket Nos. 1, 27**). Don King alleges that the defendants named in the pending motions violated said act when on March 1 and 2, 2003, they exhibited closed-circuit broadcast boxing matches that were not intended for the use of

the general public, and that the defendants were not authorized to exhibit the same. The Complaint further alleges that the defendants misappropriated Don King's licensed exhibition of the boxing matches and infringed upon its rights while avoiding proper payment to it.  It is also alleged that the defendants' purpose and express intent and willfulness in committing said actions was to secure a financial gain and commercial advantage.

I.      Legal Analysis

   A.      Rule 55

Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P. 55.  Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor.  First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the Clerk enter default on the docket. Fed.R.Civ.P. 55(a).  Second, following an entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

Thus, Fed.R.Civ.P. 55(a) authorizes a court to enter a default judgment against a party who has "failed to plead or otherwise defend" an action.  However , default judgment may be entered by  the Clerk "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due, shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Fed.R.Civ.P. 55(b)(1).  In all other cases the Court can enter judgment by default when the party entitled to a judgment by default applies to the court. Fed.R.Civ.P. 55(b)(2). "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such

references as it deems necessary and proper and shall accord a right of trial by jury to the parties when, and as required by any statute of the United States." *Id.*

Don King Productions, Inc. (hereafter "Don King") complied with the requisites of Rule 55 in that it first sought entry of default, and now requests default judgment and damages. Having reviewed the record, the undersigned determines that default judgment is appropriate and RECOMMENDS, as requested by plaintiff's the entry of Default Judgment as to the following defendants: **Jarana's Cafe & Bar, Francisco Román-Medina, individually and the Conjugal Partnership of Francisco Román-Medina and Fulana de Tal; El Bambú Pub, Yamill Jiménez-Torres, individually and the Conjugal Partnership of Yamill Jiménez-Torres and Jane Doe; El Bodegón, Daniel Rivera, individually and the Conjugal Partnership of Daniel Rivera and Fulana de Tal; Salón Billar Benny, Luis Rodríguez-Figueroa, individually and the Conjugal Partnership of Rodríguez-Figueroa and Fulana de Tal; El Bambú Pop, Sandro Díaz, individually and the Conjugal Partnership of Sandro Díaz and Fulana de Tal; La Barrita de Don Billy, Juan R. Ramos-Ferrer, individually and the Conjugal Partnership of Juan R. Ramos-Ferrer and Mary Doe.**

B.     47 U.S.C. § 605

In conjunction with the motion for entry of default judgment Don King seeks damages pursuant to 47 U.S.C. § 605 of the Federal Communications Act of 1934, as amended. In the case at bar, Don King alleges that the defaulted defendants, without authorization, exhibited a boxing event in their commercial establishments. Therefore, Don King requests that civil penalties and Therefore, Don King requests that civil penalties and damages be assessed.

Section 605 of the Act provides for civil penalties for the unauthorized publication or use of communications. In addition to statutory civil damages, § 605 also provides for the award of reasonable attorneys fees. More particularly, the statute sets forth that

> (B) The court . . . (ii) may award damages as described in subparagraph (C); and
> (iii) shall direct the recovery of full costs, including awarding reasonable attorneys'

fees to an aggrieved party who prevails.

(C)(i) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;

(I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

(ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

(iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C. § 607.

### A. Evidence on Record

"A party who defaults is taken to have conceded the truth of the factual allegations in the complaint". *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and the default of a defendant constitutes an admission of all facts well-pleaded in the complaint. *Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.),* 285 F.3d 111, 114 (1st Cir. 2002).

In the case at bar, the named defendants have failed to defend. As sch, we proceeded to consider the evidence that remains uncontradicted and on record. Don King placed the following evidence on record. On March 1 and 2, 2003, the following establishments, without authorization, displayed the Roy Jones v. John Ruiz boxing match: Jarana's Cafe & Bar (three televisions, 10 persons at establishment); El Bambú Pub (one television, 50 persons at establishment); El Bodegón (one television, 60 persons at establishment); Salón Billar Benny (one television, 30 persons at establishment); El Bambú Pop (two televisions, 75 persons at establishment); La Barrita de Don Billy (one

television, 30 persons at establishment) (**Docket Nos. 35, 45** affs.).

**D. Damages**

Don King seeks to recover statutory damages against each defendant under 47 U.S.C. §§ 605(e)(3)(C). For "each violation" of 47 U.S.C. §§ 605(a), a court may award the aggrieved party a statutory damage award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. §§ 605(e)(3)(C)(i)(II). Don King seeks the seeks maximum statutory damages of $10,000, based upon the defendants' unauthorized exhibition of the boxing event to their patrons. The undersigned finds no need for a hearing inasmuch as the amount of damages may be ascertained from the exhibits and affidavits submitted by Don King.

The plaintiff provided justification for an award of the maximum statutory amount of $10,000. Therefore, it is **RECOMMENDED** that Don King be awarded $10,000 as statutory damages, for the violation in which each, of the above named defendants incurred.

Don King also seeks damages contending that the violation of the defendants was "willful". Section 605(e)(3)(C)(ii) provides that a court may increase statutory damages by an amount of not more than $100,000 for each violation if the violation was committed willfully and for purpose of direct or indirect commercial advantage or private financial gain. Don King asks the Court to impose damages under this section. In making such determination, it is initially noted that Don King's motions and pleadings are somewhat confusing because in one portion of the motion it appears to ask for an assessment of $40,000 as damages for a willful violation (i.e. that the statutory amount of $10,000 "be increased . . . to $50,000") (**Docket Nos. 35, 45**, p. 2). Don King then goes on to ask for specific amounts as to specific defendants, referring the Court to the number of patrons in the business establishment, the number of televisions in the establishment and the fact that none of the defendants had a license to show the boxing match in the manner they did. Don King requests judgment be entered against each group of defendants jointly

and severally. These groups are:

1. **Jarana's Cafe & Bar**, Francisco Román-Medina, individually and the Conjugal Partnership of Francisco Román-Medina and Fulana de Tal
2. **El Bambú Pub**, Yamill Jiménez-Torres, individually and the Conjugal Partnership of Yamill Jiménez-Torres and Jane Doe;
3. **El Bodegón**, Daniel Rivera, individually and the Conjugal Partnership of Daniel Rivera and Fulana de Tal;
4. **Salón Billar Benny**, Luis Rodríguez-Figueroa, individually and the Conjugal Partnership of Rodríguez-Figueroa and Fulana de Tal;
5. **El Bambú Pop**, Sandro Díaz, individually and the Conjugal Partnership of Sandro Díaz and Fulana de Tal; and,
6. **La Barrita de Don Billy**, Juan R. Ramos-Ferrer, individually and the Conjugal Partnership of Juan R. Ramos- Ferrer and Mary Doe

The amounts requested for the defendant groups are:

| | | |
|---|---|---|
| Jarana's Cafe & Bar | $40,000 | (three televisions, 10 persons) |
| El Bambú Pub | $80,000 | (one television, 50 persons) |
| El Bodegón | $70,000 | (one television, 60 persons) |
| Salón Billar Benny | $60,000 | (one television, 30 persons) |
| El Bambú Pop | $100,000 | (two televisions, 75 persons) |
| La Barrita de Don Billy | $110,000 | one television, 30 persons) |

Don King has provided evidence to support a claim of willful damages. The affidavits refer to the number of televisions in each commercial establishment and the number of patrons inside the establishment at the time that the plaintiff's was present. More so, it appears that none of the defendants obtained a license to show the fight in their business establishment.

As discussed above, the statute provides for statutory damages for each violation. Accordingly, the undersigned determines that "each violation" does not equate to each defendant, but rather refers to the unauthorized broadcast in each establishment. Therefore, it is **RECOMMENDED** that the following damages be awarded to Don King Productions, Inc., and that each set of defendants pay the following damages:

**Jarana's Cafe & Bar**. $10,000 in statutory damages and $30,000 for Willful/Private Gain.

Defendants: Jarana's Cafe & Bar, Francisco Román-Medina, individually and the Conjugal Partnership of Francisco Román-Medina and Fulana de Tal;

**El Bambú Pub**. $10,000 in statutory damages and $70,000 for Willful/Private Gain.

Defendants: El Bambú Pub, Yamill Jiménez-Torres, individually and the Conjugal Partnership of Yamill Jiménez-Torres and Jane Doe;

**El Bodegón**. $10,000 in statutory damages and $60,000 for Willful/Private Gain. Defendants: El Bodegón, Daniel Rivera, individually and the Conjugal Partnership of Daniel Rivera and Fulana de Tal;

**Salón Billar Benny**. $10,000 in statutory damages and $50,000 for Willful/Private Gain.

Defendants: Salón Billar Benny, Luis Rodríguez-Figueroa, individually and the Conjugal Partnership of Rodríguez-Figueroa and Fulana de Tal;

**El Bambú Pop**. $10,000 in statutory damages and $90,000 for Willful/Private Gain. Defendants: El Bambú Pop, Sandro Díaz, individually and the Conjugal Partnership of Sandro Díaz and Fulana de Tal; and,

**La Barrita de Don Billy**. $10,000 in statutory damages and $97,160 for Willful/Private Gain. Defendants: La Barrita de Don Billy, Juan R. Ramos-Ferrer, individually and the Conjugal Partnership of Juan R. Ramos-Ferrer and Mary Doe.

### E.  Attorneys' Fees and Costs

Don King also seeks attorneys' fees and costs. In support of its request, it provided affidavits in every instance it seeks default judgment, and it certified that the total legal fees incurred, as per each set of defendants amounts to $2,000, with the exception of the La Barrita de Don Billy defendants in which legal fees amounts to $2,400. It also certified that the cost incurred as to each individual defendant totaled $440.00.

Section § 605(e)(3)(B)(iii) of the Federal Communications Act of 1934, as amended, authorizes a court to award to a "prevailing aggrieved party" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment. Counsel for Don King submitted two statements setting forth the amount of time spent

in investigating the claim[1], producing legal documents, and conducting research, for a total of ten hours in each case, with the exception of the La Barrita de Don Billy case where 12 hours of legal time was spent, at the rate of $200 per hour. Having reviewed the affidavits, the pleadings filed and the statements of plaintiffs' counsel, the undersigned finds that the amount requested represents a reasonable fee. It is therefore **RECOMMENDED** that attorneys' fees be awarded in the sum of $2,200 for each of the following cases; said fee to be paid by the aggregate defendants as previously outlined above: Jarana's Cafe & Bar, El Bambú Pub, El Bodegón, Salón Billar Benny, El Bambú Pop; and $2,400 for La Barrita de Don Billy for a total of $13,400 ($2,200 times 5 cases = $11,000 plus $2,400 = $13,400).

Counsel for Don King also provided documents as to costs incurred for each case. This included investigative fees of $200 per case, the $150 for filing fee, and service fees of $90 for each case for a total of $440 in costs for each case. It must be initially noted that Don King may recover the $150 only once; as the filing fee is paid only once. It may not recover the filing fee for each set of defendants. Accordingly, it is **RECOMMENDED** that Don King be awarded $150 in filing fee costs; and $290 in other costs per case for the following set of defendants: Jaranas Café & Bar, El Bambú Pub, El Bodegón, Salón Billar Benny, El Bambú Pop, and La Barrita de Don Billy for a total of $1,890 ($290 time 6 cases = $1,740 plus $150 = $1,890). This totals $315 per each case.

IV.   **Conclusion**

      **IT IS THEREFORE RECOMMENDED** as follows:

a) That the Motions for Default Judgment (**Docket Nos. 35, 45**) be **GRANTED** and that default judgment be entered as to the following defendants: **Jarana's Cafe & Bar, Francisco Román-Medina, individually and the Conjugal Partnership of Francisco Román-Medina and Fulana de Tal; El Bambú Pub, Yamill Jiménez-Torres, individually and the Conjugal Partnership of Yamill Jiménez-Torres and Jane Doe; El Bodegón, Daniel Rivera, individually and the Conjugal Partnership of Daniel Rivera and Fulana de Tal; Salón Billar**

---

[1] The statement found at **Docket No. 35** contains an addition error, and the actual time spent by counsel for the majority of the cases is 11 hours, not ten hours.

**Benny, Luis Rodríguez-Figueroa, individually and the Conjugal Partnership of Rodríguez-Figueroa and Fulana de Tal; El Bambú Pop, Sandro Díaz, individually and the Conjugal Partnership of Sandro Díaz and Fulana de Tal; La Barrita de Don Billy, Juan R. Ramos Ferrer, individually and the Conjugal Partnership of Juan R. Ramos Ferrer and Mary Doe;**

b)  That judgment be entered against the defendants awarding damages in the following amounts:
    $40,000.  Jarana's Cafe & Bar, Francisco Román-Medina, individually and the Conjugal Partnership of Francisco Román-Medina and Fulana de Tal, jointly and severally;
    $80,000.  El Bambú Pub, Yamill Jiménez-Torres, individually and the Conjugal Partnership of Yamill Jiménez-Torres and Jane Doe, jointly and severally;
    $70,000.  El Bodegón, Daniel Rivera, individually and the Conjugal Partnership of Daniel Rivera and Fulana de Tal, jointly and severally;
    $62,000.  Salón Billar Benny, Luis Rodríguez-Figueroa, individually and the Conjugal Partnership of Rodríguez-Figueroa and Fulana de Tal, jointly and severally;
    $100,000. El Bambú Pop, Sandro Díaz, individually and the Conjugal Partnership of Sandro Díaz and Fulana de Tal, jointly and severally; and,
    $107,160. La Barrita de Don Billy, Juan R. Ramos Ferrer, individually and the Conjugal Partnership of Juan R. Ramos Ferrer and Mary Doe, jointly and severally.

c)  That Don King Productions, Inc. be awarded attorneys' fees totaling $13,400 and costs totaling $1,890.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 29th day of August, 2005.

                                                          S/**AIDA M. DELGADO-COLON**
                                                          **U.S. Magistrate-Judge**